IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ELIZABETH L. TUBERVILLE                                                    PLAINTIFF

VS.                          CASE NO.  1:11-CV-01016 RTD

NEW BALANCE ATHLETIC SHOE, INC.
and NEW BALANCE, INC.                                                      DEFENDANTS

---

**MEMORANDUM OF LAW
FILED IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

---

Plaintiff Elizabeth L. Tuberville, individually and on behalf of the Class of Similarly Situated Individuals Residing in Arkansas, submits this memorandum of law in support of her Motion to Remand.

This is a state court class action. There are only two ways a defendant can remove a state court class action to federal court. The first way is if the complaint presents a federal question. This is not at issue in this removal. The second is through diversity jurisdiction, which, as explained by Plaintiff's Complaint, does not exist in this case. So, without subject matter jurisdiction, the removal of this case was improper, and under Section 1447(c) this Court must remand this case.

## I:     INTRODUCTION

On January 24, 2011, Ms. Tuberville filed her Class Action Complaint ("Complaint") on behalf of herself and other similarly situated people residing in the State of Arkansas. The Complaint was properly filed in the Circuit Court of Ouachita County, Arkansas. On February 23, 2011, Defendants removed this action.

Removal to federal court is allowed for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1441(b). Here, original jurisdiction can exist in federal court only under 28 U.S.C. § 1332 (diversity jurisdiction) or 28 U.S.C. § 1331 (federal question jurisdiction). Defendants' asserted basis for this Court's jurisdiction is the diversity of jurisdiction statute (28 U.S.C. § 1332) as amended by the "Class Action Fairness Act" (CAFA). To support its argument that diversity jurisdiction exists, Defendants attach the Declaration of Edward Haddad from *Bistra Pashamova v. New Balance Athletic Shores, Inc.*, from the Central District of California, where he states "New Balance has sold in excess of 60,000 pairs of the subject footwear shoes," and "injunctive relief of any duration requiring New Balance to modify its conduct would likely cost New Balance significant sums." Ms. Tuberville files this Motion to Remand within the time prescribed by 28 U.S.C. § 1447(c).

## II:     ARGUMENT

Ms. Tuberville followed the law in pleading her Complaint to ensure against removal and Defendants acted in spite of it. The Eighth Circuit recently held that class action plaintiffs can "***ensure that any attempt to remove***" will be "***unsuccessful***," by including a binding stipulation [or affidavit] with their complaint stating that she will not seek damages greater than the jurisdictional minimum upon remand. *Bell v. Hershey*, 557 F. 3d 955, 958 (8th Cir. 2009)(Emphasis added). Ms. Tuberville did so. *See*, Exhibits 1 and 2, Complaint (Doc. No. 2). Ms. Tuberville even cited to this precedent in her Complaint, but Defendants chose to remove the case anyway – without legal justification.

Moreover, Ms. Tuberville also followed an Eastern District of Arkansas opinion from Chief Judge J. Leon Holmes, which provided that class action plaintiffs may also ensure against removal by limiting the damages sought to something less than the jurisdictional minimums.  Such damages limitations were pled in multiple paragraphs in the Complaint.  *See* Pls.' Compl. ¶¶ 9 – 12.  In *Harris v. Sagamore Insurance*, 2008 U.S. Dist. LEXIS 90288 (E.D. AR, Nov. 3, 2008)(8th Cir. denied petition for permission to appeal on January 13, 2009), Judge Holmes held that class action plaintiffs may limit their claims to avoid federal subject matter jurisdiction by limiting the damages sought by the plaintiff and the class to damages less than the minimum amounts for diversity jurisdiction.[1]  Ms. Tuberville's Complaint specifically pleads damages less than these jurisdictional minimums, and Ms. Tuberville also cited to this opinion by Judge Holmes in her Complaint.  Complaint ¶¶ 9 – 12. Because Plaintiff has properly limited her damages and because Defendants have not met their burden in showing removal—both independently sufficient reasons for the remand of this case—this motion should be granted.

**a. Defendants have not met their burden of showing that this Court has CAFA jurisdiction over this case.**

Although CAFA expanded federal jurisdiction over class actions it "did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction."  *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819

---

[1] Citing *Morgan v. Gay*, 471 F.3d 469, 474 (3rd Cir. 2006); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S. Ct. 586, 82 L. Ed. 845 (1938)( "If [the plaintiff] does not desire to try his case in federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

(8th Cir. 2010). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.* 628 F.3d 439, 446 (8th Cir. 2010).

Defendants recognize in their Notice of Removal that it is their burden to establish that the amount in controversy meets or exceeds CAFA's jurisdictional requirements in this case. Defs.' Notice of Removal at 6-11. In asserting that the amount in controversy requirement is met here, Defendants place all of their hopes on unsubstantiated legal argument and the proffered testimony found in the untested *Pashamova* Declaration – a declaration which is patently deficient for our purposes here. As discussed below, Defendants' assertion is simply without merit. They have failed to establish that the amount in controversy for this case exceeds CAFA's jurisdictional requirements.

First, to show that the amount in controversy requirement is met for purposes of removal, the party seeking removal must actually produce evidence to establish that the amount in controversy is met or exceeded. A party cannot simply rely on argument. *See*, *e.g.*, *Thomas v. Southern Pioneer Life Ins. Co.*, 2009 U.S. Dist. LEXIS 122141, *5 (E.D. Ark. Dec. 11, 2009) (granting remand where defendant failed to establish the amount in controversy met CAFA's requirements noting that "argument…is not evidence" under the requisite evidentiary standard). Here, the only "evidence" Defendants offer is the unproven testimony proffered in the *Pashamova* Declaration – a declaration originating from a different case concerning different causes of action asserted on behalf of a completely different class. The *Pashamova* Declaration fails to provide *any* particular information that is sufficient for removing this case on the ground that *this proposed class* has damages that meets, or is in excess of, the required jurisdictional amount.

To begin with, the *Pashamova* Declaration does not provide any information as to how many class members may exist in Plaintiff's proposed class. Correspondingly, it provides no information on which to base any estimation of damages that is reliable, much less for those damages allegedly applicable to Plaintiff's proposed class. For example, the *Pashamova* Declaration does not provide *any* distribution or sales information related to Plaintiff's proposed class such as how many sales of New Balance shoes occurred in Arkansas.

Defendants' postulation as to the value of any available injunctive relief is equally baseless. Defendants only state that their compliance with the injunctive relief "likely" to be required would "likely" cost Defendants some unspecified "significant sum" – a amount so unquestionably vague and conjectural that it is simply useless for the purpose of determining jurisdictional amount in any context. Defs. Notice of Removal at ¶ 19; *Pashamova* Decl. at ¶¶ 9-10. In short, the "evidentiary" showing offered by Defendants here is clearly not to enough to satisfy their burden in this case. *See*, *e.g*., *Thomas v. Southern Pioneer Life Ins. Co*., *supra*, at \*\*5-6 (finding defendant had failed to meet its burden because its assertions based on percentages of total policies sold were "speculative" and its resulting interpretation of the proposed class "too broad"); *Cotton v. UnitedTel, LLC*, 2009 U.S. Dist. LEXIS 69838, \*5 (D. Minn. Aug. 10, 2009) (rejecting defendant's argument that the size of the class may cause the aggregate to exceed $5,000,000 even if damages were a "small amount" because "it remains unclear how many class members exist, and the court 'cannot base CAFA jurisdiction on … speculation and conjecture.'") (internal citations omitted); *Nowak v. Innovative Aftermarket Sys., L.P*., 2007 U.S. Dist. LEXIS 62360, \*15 (E.D. Mo. Aug. 23, 2007)

(rejecting defendant's argument based on an "average claim amount" as conjecture and likewise finding that the defendant's "assertion that the number of class members may be 'hundreds, if not thousands,' is insufficient to prove the actual number of class members in this action."); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (9th Cir. 2007) ("Until the parties are able to more definitively ascertain the potential size of the class or the extent of the damages, we cannot base our jurisdiction on Defendant's speculation and conjecture.").

Indeed, the *Pashamova* Declaration does not even show that Defendants conducted any pre-removal analysis tailored to Plaintiff's proposed class at all.[2] Instead, Defendants pulled an insufficient declaration from a different case and submitted it to this Court in support of an argument that rings unquestionably hollow. Accordingly, Plaintiff's motion should be granted because Defendants have not met their burden in establishing that the amount in controversy for this case exceeds CAFA's jurisdictional requirements.

### b. The Plaintiff's Complaint limits its damages to an amount under CAFA diversity jurisdiction.

Second, and most importantly, the Eighth Circuit has held in *Bell v. Hershey*, 557 F.3d 955, 958 (8th Cir. 2009) when analyzing CAFA, that a binding stipulation can prevent the removal of a case. *Bell* was specifically cited in Ms. Tuberville's Complaint filed in state court in an attempt to avoid making this argument here, to no avail.

---

[2] In fact, the *Pashamova* Declaration could not support any post-service analysis, because it is dated January 4, 2011, **twenty days before** Ms. Tuberville's Complaint was even filed.

### c. CAFA contemplates that determining the amount of damages in controversy can be made pre-certification.

Ms. Tuberville' pre-certification stipulation to prevent removal comports with the text of CAFA.

CAFA defines "class action" as:

Any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representatives as a class action.

CAFA's definition of "class action" clearly refers to a proposed or a certified class. *See* 28 U.S.C. § 1332(d)(1)(D)(the terms 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action). In fact CAFA explicitly says so 1332(a)(8)("*This section shall apply to any class action before or after the entry of a class certification order by the court with respect to that action*.").

To have CAFA jurisdiction under 28 U.S.C. § 1332, the case must meet the statutes' definition of "class action," the matter in controversy must exceed the sum or value of $5,000,000, exclusive of interests of costs, and the parties must have minimal diversity. To determine the "matter in controversy" in a "class action," you must necessarily look at the pleadings, otherwise the definition of "class action" would only apply to those cases "after the entry of a class certification order," and would be contrary to Section 1332(a)(8). As noted, "the enactment of CAFA did not alter the proposition that the plaintiff is the master of the complaint." *Bell*, 557 F.3d at 957.

### d. Defendants' cited cases and arguments are not controlling.

Defendants citation to *Bass v. Carmax Auto Superstores, Inc.*, 2008 U.S. Dist. LEXIS 11180 (W.D.Mo. Feb. 14, 2008) is of no moment. The case is not controlling, and, furthermore, was decided a year before *Bell*. With respect to the phrase Defendants emphasize in their brief, Judge Ortie Smith does not cite any case to support the proposition that "Plaintiff and her counsel lack the authority to bind absent class members." Defendants also cite to *Mendez v. Radec Corp.*, 260 F.R.D. 38, 47-48 (W.D.N.Y. 2009), but that case involved the Fair Labor Standards Act, did not involve CAFA, and simply says that a summary judgment motion decided against a plaintiff in an uncertified class will not bind the class members.

The remainder of Defendants' cases amount to adequacy attacks that have nothing to do with jurisdiction. *USA Check Cashers of Little Rock, Inc. v. Island*, 349 Ark. 71, 76 S.W.3d 243 (2002)(moreover, the allegation that the third amended complaint does not specifically raise a consumer-loan claim under the Arkansas Constitution is not a basis for a finding of inadequacy . . . several factors may have entered into the drafting of the complaint to which we are simply not privy.) By Defendants' own argument, its shoes cost $85 a pair, but they make the argument that "if Plaintiff seeks up to $75,000 in damages for just 1,000 class members, the total amount in controversy would be at least $75 million by her own admission, well over the $5 million amount in controversy requirement." This is not a reasonable argument, and, more importantly, ignores Plaintiff's pled damages limits as allowed by *Sagamore*. Also, the references to "such other relief as this Court deems just and proper" and "unjust enrichment," are necessarily

limited by Plaintiff's stipulations, and Plaintiff has not sought punitive damages in this case.

### III: REMAND

Remand is governed by 28 U.S.C. § 1447(c) which provides:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk of the State court. The State court may thereupon proceed with such case.

This Court has "considerable discretion" in awarding attorney's fees under this section. *Wells Fargo Bank West, N.A. v. Burns*, 100 Fed.Appx. 599 (8th Cir. 2004). Here, it was clear from the face of Ms. Tuberville's Complaint that there was no federal jurisdiction. In fact, Ms. Tuberville specifically cited the authority discussed herein and made the statement "any attempted removal of this action could only be made for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Plaintiff's Complaint. ¶ 11. In this case, where the Defendants were on explicit notice of the absence of any federal court jurisdiction, and, totally ignored it, and woefully failed to produce any component proof supporting their removal, the Court should exercise its discretion and award Ms. Tuberville the fees and costs associated with the filing of this Motion.

## IV:     CONCLUSION

As shown above, this court lacks diversity jurisdiction and lacks federal question jurisdiction, which means that this court lacks subject matter jurisdiction.   As such, the above statute requires that this case be remanded to the Circuit Court of Ouachita County.


DATED:  March 16, 2011                              EMERSON POYNTER LLP

/s/ Will T. Crowder
Scott E. Poynter (#90077)
Christopher D. Jennings (#2006306)
William T. Crowder (#2003138)
500 President Clinton Ave
Suite 305
Little Rock, AR 72201
Phone:  (501) 907-2555
Fax:  (501) 907-2556

John G. Emerson (#2008012)
EMERSON POYNTER LLP
830 Apollo Lane
Houston, TX 77058
Phone: (281) 488-8854
Fax:  (281) 488-8867


## CERTIFICATE OF SERVICE

On this 16th day of March, 2011, a true and correct copy of the foregoing was served upon the Defendant through the Court's CM/ECF filing system:

| | |
|---|---|
| Judy Henry | jhenry@wlj.com |
| Eric Berger | eberger@wlj.com |
| Mark S. Puzella | mpuzella@goodwinprocter.com |
| R.D. Hosp | rhosp@goodwinprocter.com |
| S. Lantagne | slantanf@goodwinprocter.com |

  /s/ Will T. Crowder
Will T. Crowder